UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB - 2 2007

MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ESNORALDO DE JESUS POSADA-RIOS
          Movant,
VS.

UNITED STATES OF AMERICA
          Respondent. /

Criminal Case No.
H-92-137-2

Civil Case No.

MEMORANDUM OF FACT AND LAW IN SUPPORT
OF MOVANT'S § 2255 MOTION

    Now comes, Esnoraldo De Jesus Posada-Rios, hereinafter "Movant" in pro-se, and respectfully offers this, his [1] memorandum of fact and law in support of his § 2255 motion.

I.
INTRODUCTION

    Movant Esnoraldo De Jesus Posada-Rios, asserts 3 principle arguments in support of his § 2255 motion. **First**, movant alleges that he was denied effective assistance of counsel by his appointed counsel at trial, sentencing and appeal. **Second**, movant asserts that the AEDPA's one-year limitations period should be tolled due to his appellate counsel's refusal to provide him a copy of his trial transcripts and legal records made available for appeal, and for the institution's failure to provide non-english-speaking inmates with an adequate alternative to access to the courts. **Third**, movant asserts that his § 2255 motion should be granted because he was denied the effective assistance of counsel under the sixth amendment of the United States Constitution.

---

[1] This memorandum was prepared with the help of a Jailhouse lawyer pursuant to 28 CFR 543.11; § 2242.

## II.
## STATEMENT OF THE CASE

In December of 1992 a 134-page superseding indictment was returned charging 35 defendants drug trafficking and related charges arising out of a conspiracy that began in 1985. After 84 days of trial movant and 9 other defendants were convicted of a number of offenses. See U.S. v. Posada-Rios, 158 F.3d 832 (5th Cir 1988).

Movant was convicted of Count 1 (conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d)), Count 2 (participating in a racketeering interprise in violation of 18 U.S.C. § 1962(c)). and Count 3 (conspiracy to possess w/ intent to distribute cocaine in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846. Movant was sentenced to concurrent terms of life in prison, followed by 10 years of supervised release, and was ordered to pay $150.00 in special assessments.

Thereafter, movant appealed his sentence with the assistance of counsel Ralph R. Martinez presenting the sole issue that the district court erred by sentencing him as a carreer offender USSG 4B1.1, in which the Fifth Circuit held that this argument is "irrelevant" because the district court did not sentence movant as a carreer offender. Posada-Rios, 158 F.3d at 878. As of now it is fair to say that movant has not been afforded a meaningful appellate review of his conviction.

## III.
## STATEMENT OF THE FACTS

Movant in this case was convicted on Counts 1,2, and 3 of the 1992 superseding indictment to which he was sentenced to concurrent terms of life in prison.

On his direct appeal the Fifth Circuit held that appointed counsel's sole issue presented was "irrelevant". Therefater, movant requested a copy of the trial transcripts and record available to appellate counsel. However, as of this date appointed counsel has not provided movant the transcripts and record so he would be able with the assistance of a law library clerk, attempt to frame his argument for his post conviction review of his § 2255.

Movant has requested the courts assistance in compelling appellate counsel Ralph R. Martinez to provide movant a copy of his trial transcripts and record to no avail. See attached exhibit A

After languishing in prison for over 10 years without a clue on how to proceed, movant is now fortunate to find a jailhouse lawyer that has the legal expertise to attempt to frame a non-frivolous argument (based from the Fith Circuit's published opinion and the P.S.I.), for a fair and questionable review of his § 2255. Therefore, movant humbly presents this statement of facts based on the Fifth circuit's published opinion in U.S. v. Posada-Rios, Id., to the best of his recollection and memory.

According to the opinion of Posada-Rios, in September 9, 1988 Samuel Posada-Rios designated his brother, (movant) Esnoraldo Posada-Rios as his local successor to collect money. In January of 1989 after Espiallat's arrest movant then fled to New York where he allegedly ran Samuel Posada-Rios' New York cocaine distribution operation. See Posada-Rios, Id at 844. Thereafter, New York police arrested movant on January 27, 1990 and movant's participation in the RICO conspiracy ended at his arrest. The record reflects that movant is responsible for 100KG of cocaine. 25KG delivered by Bedoya & Mirgas and a second 75KG in November of 1988. In support of this fact the government presented inadmissible and suspect confession.

-3-

See P.S.I at ¶ 106. In addition, no racketeering act was unanimously found to have been proved as to each predicate acts. See U.S. v. Gotti, 431 F.3d 133 (2nd Cir 2006)(citing Richardson v. U.S., 526 U.S. 813 (1999).

After movant's arrest the Wonda Cortez organization distributed cocaine that was not forseeable to movant. Moreover, the sufficiency of the evidence to the distribition conspiracy of Count 3 as to movant's knowledge, intent, and participation is questionable. Thus, the trial transcript is a "must" in this case.

At sentencing a 4-level leadership enhancement was not warranted where movant allegedly managed only assets of conspiracy and not another participant. U.S. v. Glover, 179 F.3d 1300 (11th Cir 1999).

## IV.
## STATEMENT OF JURISDICTION

Movant's time limit has expired for filing § 2255. However, the one-year statute of limitations include in the AEDPA does not operate as a jurisdictional bar to habeas corpus petitions and can, in appropriate exceptional circumstances, be "equitably tolled".

## V.
## EQUITABLE TOLLING

In Lonchar v. Thomas, 517 U.S. 314 (1996) the Supreme Court held that "dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the gret writ entirely, risking injury to an important intrest in human liberty". Id. at 324.

The statute of limitations must not be applied too harshly. See U.S. v. Wynn, 292 F.3d 226 (5th Cir 2002)(citing Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir 1999). Dismissing the first § 2255 motion

-4-

or habeas petition is a "particularly serious matter". In applying the doctrine of equitable tolling, this court must examine the facts and circumstances of each particular case.

Movant's motion is timely under 28 U.S.C. § 2255 ¶ 6 paragraph (2) and or (4). Even though movant's motion was filed over 10 years after his conviction became final, it would be timely under paragraph (2). if : (1) the government engaged in action that violated the constitution or laws of the United States; (2) that action created an impediment in the filing of the petition; and (3) movant filed the petition within one-year after the impediment was removed. See U.S. v. Ngi Tamfu, 2002 WL 31452410 at *3 (N.D. Tex. October 5, 2002).

As held in Lewis v. Casey, 518 U.S. 343 (1996)(when any inmate, even an illiterate or non-english-speaking inmate shows that an actionable claim of this nature which he desires to bring is currently being prevented, he demonstrates that the state has failed to furnish "adequate law libraries or adequate assistance from persons trained in the law". Bounds v. Smith, 430 U.S. 817 (1977).

Movant in this case has not been provided with his trial transcripts and legal papers by his appointed counsel which should toll the one-year limitation period. See Ford v. Hubbard, 305 F.3d 875 (9th Cir 2002). In the alternative, movant has not been provided a reasonable adequate opportunity to file a non-frivolous claim to challenge his conviction. See Medoza v. Carey, 449 F.3d 1065 (9th Cir 2006).

If the limitations period is not tolled in this case, the effect will raise serios constitutional questions. see Triestman v. U.S., 124 F.3d 361, 377 (2nd Cir 1997).

VI.
ARGUMENT

I. FAILURE TO PROVIDE A FREE COPY OF TRIAL TRANSCRIPTS AND RECORD IS A DUE PROCESS VIOLATION.

In this case movant's court appointed attorney was furnished trial transcripts for his appeal. However, movant's counsel has not furnished him a copy for purposes of filing § 2255. Therefore, denying movant an adequate oppurtunity to present his claims fairly. See U.S. v. MacCollum, 426 U.S. 317 (1976)(citing Ross v. Moffit, 417 U.S. 600 (1974).

In this case movant has requested and has not been provided transcripts of his trial. The only cases that have rejected indigent defendant's claims to transcripts have done so either because an adequate alternative was available but not used. Britt v. North Carolina, 404 U.S. 226 (1971) or because the request was plainly frivolous and a prior opportunity to obtain a transcript was waived. U.S. v. MacCollum, 426 U.S. 317 (1976). Therefore, movant is entitled to a free copy of his trial transcripts and record.

II. NO RACKETEERING ACT WAS UNANIMOUSLY FOUND TO HAVE BEEN PROVED.

In this case the jury was not instructed that the jury must be unanimous as to each of the two predicate acts. Richarson v. U.S., 526 U.S. 813 (1999). The jury failed to find that the prosecution proved each one of those two ... specifically alleged predicate acts beyond a reasonable doubt.

Richardson, applies retroactive to movant in this case. The jury instructions is a must for this claim. The government has failed to prove the necessary minimum of two predicate acts.

### III. MOVANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

Under the sixth amendment to the United States Constitution, movant was entitled to effective assistance of counsel in the trial, sentencing, and appellate phase of his criminal proceedings. His appointed counsel's representations fell below an objective reasonable standard which resulted in insurmountable prejudice to movant. Strickland v. Washington, 466 U.S. 668 (1984). Because movant has not been afforded a copy of his trial transcripts along with a copy of his legal documents requested, movant humbly presents all his issues on the merits to the best of his recollection and memory as follows:

#### 1. FAILURE TO ARGUE THE SUFFICIENCY OF THE EVIDENCE TO COUNT # 3.

Movant is unable to remember if his trial counsel moved for a judgement of aquittal to preserve the sufficiency of the evidence claim for appallete review. It appears that the evidence only shows that movant had a limited participation in the alleged RICO conspiracy from September 1988 to the date of his arrest in January 27, 1990. Therefore, being that the conspiracy count # 3 was the most prejudicial against movant, the opinion of Posada-Rios, reveals that there is insufficient evidence of movant's participation, knowledge or agreement to this conspiracy and the trial transcript and a copy of the indictment is required on this claim. Movant is not able to be specific on the prejudice on this claim because he does not know if the issue was preserved for appellate review. A

copy of the trial transcript is a must in the resolution of this claim.

## 2. FAILURE TO OBJECT TO THE INADMISSIBLE CONFESSION AT TRIAL

Movant asserts that he never did confess as alleged at trial. Since movant testified in his own defense it is not known if the evidence was admitted as direct evidence of guilt or for impeachment purposes and to what extent the government relied on this alleged confession in its closing argument and if the appropriate limiting instruction was given. U.S. v. Sisto, 534 F.2d 616 (5th Cir 1976). A copy of the trial transcript is a must in the resolution of this claim.

The evidence in this case is not overwhelming relying on compensated witnesses and this confession is the linch pin of the government's case against him.

Movant was subjected to "custodial interrogation", of kind sufficient to trigger his Fifth Amendment right to counsel. See U.S. v. Green, 272 F.3d 748 (5th Cir 2001). Therefore, counsel was ineffective for failing to suppress movant's invalid confession.

In this case, movant denies that he made the alleged incriminating statements. However, it has been law since at least Lee v. Mississippi, 332 U.S. 742, 745-46 (1948). A defendant may attack a statement as involuntary even while denying having made the statement. See U.S. v. Oliver, 142 F.Supp. 2d 1047 (N.D. Ill. 2001).

The alleged confession in question stems from a custodial interrogation in which movant was not conformed of his right to counsel through a Miranda warning. Therefore, any statement elicited by law enforcement officers was inadmissible, and counsel was in-

-8-

effective for failing to object to the alleged confession. See Kimmelman v. Morrison, 477 U.S. 365 (1986).

The alleged confession was elicited in violation of movant's fifth amendment right to counsel, and its admission at trial was reversible error. U.S. v. Green, 272 F.3d at 753-54. Therefore, counsel's performance in failing to properly object to inadmissible evidence was deficient and unreasonable.

3. FAILURE TO OBJECT TO 4-LEVEL LEADERSHIP ENHANCEMENT.

There is no evidence in the record to support a finding that movant managed or supervised another participant in the alleged conspiracies. See U.S. v. Mejia-Orosco, 867 F.2d 216 (5th Cir 1989). Because U.S.S.G. 3B1.1 requires proof that a defendant managed or supervised another participant in the conspiracy before an offense level enhancement may be applied and because no such evidence exists in this case counsel was ineffective for filaing to properly object and brief this issue for appellate review.

The prejudice is that in conjunction with the 505 amendment which sets the upper limit of the drug quantity table in § 2D1.1 at level 38. Without this enhancement movant would have recieved a lesser sentence. See U.S. v. Stricklin, 290 F.3d 748, 752 (5th Cir 2002)(citing Glover v. U.S., 531 U.S. 198 (2001)). Any amount of jail time has sixth amendment significance. The trial transcript is a must in the resolution of this claim.

### 4. FAILURE TO OBJECT TO FORSEEABILITY OF DRUG QUANTITY

Movant's incarceration has some effect on the forseeability of the acts of his co-conspirators occuring after his January 1990 arrest. The raesonable forseeability required by section 2D1.4 requires a finding seperate from a finding that the defendant was part of the conspiracy. See U.S. v. Puig-Infante, 19 F.3d 929, 945 (5th Cir 1994).

Counsel's failure to object to the drug quantities accountable in determining the guidelines range is deficient performance and movant was prejudiced by failing to consider his forseeability in light of movant's part in the organization prior and after his 1990 arrest. The amount forseeable to movant in this case is slight if any. Accordingly a trial transcript is a must in this court's resolution of this claim.

### 5. FAILING TO OBJECT TO GUILT BY ASSOCIATION EVIDENCE AT TRIAL

In this case the government's theory presented that movant was the brother of Samuel Posada-Rios an alleged ring leader an head man of the Posada-Rios organization.

Counsel was ineffective for failing to object to the prejudicial guilt by association evidence which in this case permeated the whole trial. See U.S. v. Polasek, 162 F.3d 878 (5th Cir 1998) (holding guilt by association evidence as "highly prejudicial"). The evidence in this case relying solely on compensated witnesses is far from overwhelming and was not harmless error. The trial transcript is also a must in the resolution of this claim.

## REQUEST FOR AN EVIDENTIARY HEARING

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court...shall grant a prompt hearing there on, determine the issues and make findings of fact and conclusions of law with respect thereto". See, e.g., Fountaine v. U.S., 411 U.S. 213, 215 (1973)(reversing summary dismissal and remanding for hearing because "motion and the files and records of the case did not conclusively show that the petitioner is entitled to no relief".) A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief". See U.S. v. Bartholowmew, 974 F.2d 39, 41 (5th Cir 1992).

Additionally, a habeas petitioner like Posada-Rios should recieve an evidentiary hearing when he makes "a good-faith allegation that would, if true, entitle him to equitable tolling". Laws v. Lamarque, 351 F.3d 919, (9th Cir 2003).

## CONCLUSION

An evidentiary hearing should be held. Thereafter movant's Esnoraldo De Jesus Posada-Rios's § 2255 motion should be granted.

Dated on this 30th day of January, 2007.

Respectfully submitted

By _Esnoraldo Posada Rios_

Esnoraldo De Jesus Posada-Rios
# 60112-079
U.S. PENITENTIARY POLLOCK
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

*** ESNORALDO DE JESUS POSADA-RIOS AFFIDAVIT ***

I, Esnoraldo De Jesus Posada-Rios, the Movant in this action, declare, under the penalty of perjury, that the following recitation of facts is true as to the best of my recollection:

1. At the beginning of my case Mr. Ralph Martinez was appointed to represent me. Therefore we discussed the evidence that the government had against me.

2. I told Mr. Martinez that I had never made a confession and he never did anything to exclude the alleged confession from admission at trial.

3. I also told Mr. Martinez that I was incarcerated during the time frame of the Wonda Cortez conspiracy and the R.I.C.O. Conspiracy and that I never conspired with Wonda Cortez as alleged.

4. I requested a copy of my transcripts from Mr. Martinez after the appeal was affirmed. However, he refuses to provide me a copy of the legal papers and transcripts for filing post conviction relief.

Executed on this 30th day of January, 2007.

_Esnoraldo Posada Rios_
ESNORALDO DE JESUS POSADA-RIOS

Page 1 of 1 page.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-92-137-2 |
| § | |
| ESNORALDO DE JESUS POSADA-RIOS, § | |
| § | |
| Defendant § | |

## ORDER

Pending before the Magistrate Judge upon referral from the District Judge is Defendant Esnoraldo De Jesus Posada-Rios' Motion to Compel Appointed Counsel to Provide a Free Copy of the Court Reporter's Record of Transcripts, or in the Alternative, Provide Approval for Counsel's Expenditure for Copying the Transcripts (Document No. 2128) and Letter Motion (Document No. 2130), in which he inquires about the status of his Motion to Compel and requests a copy of the docket sheet. Upon consideration of the motion, the Magistrate Judge finds that Defendant's request is not meritorious and should be denied. Defendant has not made a particularized showing of a need for the transcripts or docket sheet. The docket sheet reveals that Defendant was sentenced on August 26, 1994 (Document No. 1189), and Judgment was entered on September 8, 1994. (Document No. 1243). He appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed the conviction and sentence on October 21, 1998. (Document No. 1906, 1915, 1918). On February 12, 2001, Defendant filed a Motion for trial transcripts to prepare a § 2255 motion. (Document No. 2039). On March 23, 2001, the Court held a Show Cause Hearing concerning Defendant's request to obtain records from trial counsel. (Document No. 2047). In an

**EXHIBIT-A**

Order entered April 2, 2001, the Court denied as moot Defendant's request for trial transcripts. The Court wrote:

> Pending before the Court in the above referenced action is a letter dated February 7, 2001 from Esnoraldo Posado Rios, which the Court construes as a motion for a free copy of the indictment, trial jury instructions, defense objections to the presentencing report, and sentencing transcript so that Defendant, with the help of a fellow inmate, can prepare a motion pursuant to 28 U.S.C. § 2255 and *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2362-63 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Instrument #2039).
>
> The Court had previously indicated to Defendant to request copies of the materials from his trial attorney, who would have them from his appeal. Because the pending letter states that his trial counsel, Mr. Ralph Martinez, did not answer Defendant's letters requesting those materials, the Court ordered Mr. Martinez to appear for a hearing on the matter. At the hearing on March 23, 2001, Mr. Martinez explained, with copies of the receipts, that he had shipped the materials to Defendant. Because the trial transcript was massive, it was provided on disks. The prison authorities, for security reasons, would not allow disks to be provided to Defendant and would also not allow extensive papers. Mr. Martinez indicated that he would write a letter to Defendant, explaining not only the situation, but that Mr. Martinez is no longer representing Defendant nor is Defendant entitled to appointed counsel for purposes of a collateral attack under 28 U.S.C. § 2255. Furthermore, since the statutory sentencing range for the charges of which Defendant was convicted included life in prison, Mr. Martinez stated, and the Court concurs, that it appears that *Apprendi* would not help Defendant. *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000) (when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, *Apprendi* does not affect the sentence). (Document No. 2049)

In the instant Motion to Compel and Letter Request, Defendant has not established his need for the requested materials. He re-urges arguments previously rejected by the Court. Accordingly, it is

ORDERED that the Defendant Esnoraldo Posado Rios' Motion to Compel Appointed Counsel to Provide a Free Copy of the Court Reporter's Record of Transcripts, or in the alternative, Provide Approval for Counsel's Expenditure for Copying of the Transcripts (Document No. 2128) and Letter Motion (Document No. 2130) both are DENIED.

Signed at Houston, Texas, this 15 day of February, 2006.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE